### 12066.  FARRIOR *v.* THE STATE.

A conviction of involuntary manslaughter in the commission of an unlawful act was warranted by the evidence, there being evidence from which the jury were authorized to believe that by reason of the driving of an automobile by the defendant in a populous part of a city at a rate of speed of from 40 to 55 miles an hour, a passenger in the automobile lost his life in a collision.

The instructions complained of were not subject to exception as being suggestive that if the accused was not guilty of the offenses referred to therein, he might be guilty of some other crime.

DECIDED APRIL 13, 1921.

Indictment for murder — conviction of involuntary manslaughter; from Fulton superior court — Judge Humphries. December 4, 1920.

*John S. & Ralph McClelland,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

LUKE, J. 1. This case is one of the rapidly increasing class of cases of homicide resulting from reckless and unlawful driving and speeding of automobiles along the highways of the State. The jury were authorized, upon conflicting evidence, to believe that an automobile was being driven along a street in a populous part of the City of Atlanta by the defendant, over the protest of his passengers, at a rate of speed ranging from 40 to 55 miles per hour; and that by reason of such unlawful and reckless conduct, one of the passengers lost his life in a collision of the automobile. The defendant was indicted for the offense of murder. He was convicted of involuntary manslaughter in the commission of an unlawful act. The evidence authorized the conviction.

2. Error is assigned upon the following excerpts from the charge of the court: " If you believe that the homicide occurred,

the man was killed, but that it was an unavoidable accident, if you should believe that it was not the result of an act on the part of this defendant, the natural consequence of which was to cause death, then you could not convict the defendant of murder." " If you believe that the person named in the indictment was killed, but that the death was not the result of an unlawful act on the part of this defendant, then and in that event you could not convict the defendant of the offense of involuntary manslaughter in the commission of an unlawful act." The defendant contends that the first of these excerpts was suggestive to the jury that if the defendant was not guilty of murder, he was guilty of some lesser offense, and that the second excerpt was suggestive that he might be guilty of some other crime than involuntary manslaughter. These assignments of error are without merit. They are meticulous objections and give to the excerpts an impossible meaning or construction. The charge of the court, read in its entirety, was most favorable to the defendant. The defendant has had a fair trial and his conviction was fully authorized. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*